UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MIMS,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ROBERT BURTON,<br><br>　　　　Respondent. | Case No.   2:22-cv-00521-TLN-JDP (HC)<br><br>ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND FINDING THAT THE PETITION DOES NOT STATE A COGNIZABLE SECTION 2254 CLAIM AND GRANTING LEAVE TO AMEND WITHIN THIRTY DAYS<br><br>ECF Nos. 1 & 8 |

Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. After reviewing the petition, I find that it fails to state a viable federal claim. I will give petitioner a chance to amend before recommending that this action be dismissed.

The petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

Petitioner claims that his sentence was illegally enhanced due to the enactment of two provisions of the California Penal Code, sections 667 and 1170.12. ECF No. 1 at 20. These provisions enact what is commonly known as the California Three Strikes Law. *See, e.g.*, *Philyaw v. Madden*, 2020 U.S. Dist. LEXIS 245936, *2 n.2 (C.D. Cal. Dec. 8, 2020). "Absent a

1

showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode*, 41 F.3d 461 ,469 (9th Cir. 1994) (citation omitted).  A petitioner states a viable federal claim based on state sentencing error only where the error was "so arbitrary or capricious as to constitute an independent due process or Eighth Amendment violation." *Richmond v. Lewis*, 506 U.S. 40, 50 (1992).  The petition does not argue as much and, thus, cannot proceed past screening.  I will give petitioner a chance to amend before recommending dismissal.

It is ORDERED that:

1. Petitioner's application to proceed in forma pauperis, ECF No. 8, is GRANTED.

2. Petitioner may file an amended § 2254 petition within thirty days of this order's entry.  If he does not, I will recommend that the current petition be dismissed for the reasons stated in this order.

3. The Clerk of Court is directed to send petitioner a federal habeas form with this order.

IT IS SO ORDERED.

Dated:   May 10, 2022                         _____
                                              JEREMY D. PETERSON
                                              UNITED STATES MAGISTRATE JUDGE