UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE MIMS,<br><br>   Petitioner,<br><br> v.<br><br>ROBERT BURTON<br><br>   Respondent. | Case No. 2:22-cv-00521-TLN-JDP (HC)<br><br>FINDINGS AND RECOMMENDATIONS THAT THE AMENDED PETITION BE DISMISSED FOR FAILURE TO STATE A COGNIZABLE CLAIM<br><br>ECF No. 15 |

  Petitioner, proceeding without counsel, seeks a writ of habeas corpus under 28 U.S.C. § 2254. He argues that the trial court erred under California state law when it used a 1986 conviction for assault with a deadly weapon to enhance his sentence under the Three Strikes Law. ECF No. 15 at 4. This claim implicates only state sentencing laws and should be dismissed.

  The amended petition is before me for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, the judge assigned to the habeas proceeding must examine the habeas petition and order a response to the petition unless it "plainly appears" that the petitioner is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019); *Boyd v. Thompson*, 147 F.3d 1124, 1127 (9th Cir. 1998).

  Claims based on a state's misapplication of its own sentencing laws generally do not give rise to cognizable federal habeas claims. *See* 28 U.S.C. § 2254(a) (federal habeas relief available only where a person is "in custody in violation of the Constitution or laws or treaties of the United States"); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation

marks omitted). Petitioner's sole claim, that the trial court misapplied the California Three Strikes Law, is no exception; it does not give rise to any alleged violation of the Constitution or the laws of the United States. In rare circumstances, a misapplication of state sentencing law can be "so arbitrary or capricious as to constitute an independent due process" violation. *Richmond v. Lewis*, 506 U.S. 40, 50 (1992); *see Aponte v. Gomez*, 993 F.2d 705, 707 (9th Cir. 1993) ("We are bound by a state court's construction of its own penal statutes."); *Zaragoza v. Lamarque*, 145 F. App'x 572, 573 (9th Cir. 2005) (holding that whether a prior conviction was a serious felony under California's Three Strikes law was "an issue of state law and as such is generally not cognizable on federal habeas review"). Petitioner has not alleged facts or made argument that could establish those circumstances here, and the Supreme Court has "repeatedly upheld recidivism statutes against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." *Parke v. Raley*, 506 U.S. 20, 27 (1992). Thus, I find that there is no reasonable likelihood that petitioner will be able to allege, by any future amendment, that the trial court's imposition of the Three Strikes Law was so arbitrary and capricious as to constitute a violation of his due process rights.

Accordingly, it is RECOMMENDED that the amended petition, ECF No. 15, be DISMISSED for failure to state a cognizable federal habeas claim.

These findings and recommendations are submitted to the U.S. District Court Judge presiding over this case under 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within fourteen days of service of the findings and recommendations, petitioner may file written objections to the findings and recommendations with the court and serve a copy on all parties. That document must be captioned "Objections to Magistrate Judge's Findings and Recommendations." The District Judge will then review the findings and recommendations under 28 U.S.C. § 636(b)(1)(C).

IT IS SO ORDERED.

Dated: __August 11, 2022__  

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

3