1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   GEORGE MIMS,                           No.  2:22-cv-00521-DAD-JDP (HC)

12              Petitioner,

13        v.                                ORDER ADOPTING FINDINGS AND
                                            RECOMMENDATIONS AND DISMISSING
14   ROBERT BURTON,                         AMENDED PETITION FOR FAILURE TO
                                            STATE A COGNIZABLE FEDERAL
15              Respondent.                  HABEAS CLAIM

16                                          (Doc. Nos. 15, 16)

17

18        Petitioner George Mims proceeds *pro se* and *in forma pauperis* with a petition for a writ

19   of habeas corpus pursuant to 28 U.S.C. § 2254.  The matter was referred to a United States

20   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        On August 12, 2022, the assigned magistrate judge issued findings and recommendations

22   recommending that the amended petition before the court be dismissed for failure to state a

23   cognizable claim for federal habeas relief because the sole claim asserted therein was that the trial

24   court misapplied state sentencing law.[1]  (Doc. No. 16 at 1–2.)  Those findings and

25   recommendations were served on all parties and contained notice that any objections thereto were

26   to be filed within fourteen (14) days from the date of service.  (*Id.* at 2.)  On September 6, 2022,

27

28   ───────────────────
     [1]  On August 25, 2022, this case was reassigned to the undersigned district judge.  (Doc. No. 17.)

                                      1

1    petitioner filed objections to the pending findings and recommendations.  (Doc. No. 18.)

2    Respondent filed no response to those objections.

3        In his objections to the pending findings and recommendations petitioner merely submits

4    a copy of a petition for writ of habeas corpus that he apparently submitted to the California

5    Supreme Court in March of 2022.  In that petition he appeared to argue that the state trial court's

6    reliance on California's Three Strikes Law in imposing his current sentence in effect violated his

7    plea agreements in the earlier state cases that were counted as strikes.  (Doc. No. 18 at 8.)  This

8    argument provides no basis upon which to question or reject the pending findings and

9    recommendations.

10       In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this

11   court has conducted a *de novo* review of this case.  Having carefully reviewed the entire file, and

12   considered petitioner's objections, the court finds the findings and recommendations to be

13   supported by the record and proper analysis.

14       Additionally, the court declines to issue a certificate of appealability.  A certificate of

15   appealability may issue "only if the applicant has made a substantial showing of the denial of a

16   constitutional right."  28 U.S.C. § 2253(c)(2); *see, e.g.*, *Williams v. Calderon*, 83 F.3d 281, 286

17   (9th Cir. 1996).  "A petitioner satisfies this standard by demonstrating that jurists of reason could

18   disagree with the district court's resolution of his constitutional claims or that jurists could

19   conclude the issues presented are adequate to deserve encouragement to proceed further."  *Miller-*

20   *El v. Cockrell*, 537 U.S. 322, 327 (2003); *see also Slack v. McDaniel*, 529 U.S. 473, 483–84

21   (2000).  In determining these issues, a court conducts an overview of the claims in the habeas

22   petition, generally assesses their merits, and determines whether the resolution was debatable

23   among jurists of reason or wrong.  *Miller-El*, 537 U.S. at 336.

24       When a district court dismisses a petition on procedural grounds, the reviewing court

25   should apply a two-step analysis, and a certificate of appealability should issue if the petitioner

26   can show (1) that jurists of reason would find it debatable whether the district court was correct in

27   its procedural ruling, and (2) that jurists of reason would find it debatable whether the petition

28   states a valid claim of the denial of a constitutional right.  *Slack*, 529 U.S. at 478.

Here, reasonable jurists would not find the court's decision to dismiss the pending petition due to its failure to assert a cognizable federal habeas claim to be debatable or conclude that the petition should proceed further.  Thus, the court declines to issue a certificate of appealability.

Accordingly,

1.     The findings and recommendations filed on August 12, 2022 (Doc. No. 16) are adopted in full;

2.     The amended petition (Doc. No. 15) is dismissed for failure to state a cognizable claim for federal habeas relief;

3.     The court declines to issue a certificate of appealability; and

4.     The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **March 1, 2023**

UNITED STATES DISTRICT JUDGE

3